Mr. Justice ThacheR
delivered the opinion of the court.
This action was instituted by a writ of attachment. The writ was obtained against the property of the defendant below as a non-resident of this state, and by virtue of the statute H. & H. 550, sect. 16.
It is unnecessary to embrace in the affidavit, in cases of this kind, the actual place of residence of the defendant. The statute, in providing that notice should be given, contemplates that the actual place of residence may be unknown. H. & H. 552, sect. 20. The requisites are the allegations of non-residence and the impossibility of a service of the ordinary process of law. The motion to quash the attachment writ was therefore properly overruled.
Three pleas in abatement were filed to the action, to which a special demurrer was sustained. To the first ground of demurrer, it can be replied that in a case commenced by attachment, the defendant has a right to his plea in abatement when he appears and replevies the property attached. Chambers v. Haley et al. Peck’s R. 159. The objection, that according to the settled rules of pleading, but one plea in abatement is allowable in the same action, is met sufficiently by the chauge in this respect instituted by our laws. The statute, H. & H. 597, sect. 43, declares that it shall be lawful for a defendant in any suit to plead as many pleas in bar of the action as he shall choose, although some of said pleas may be to the party, or to the character of the parties suing. The language of this act shows that pleas in abatement are thereby included. In the case of Pharis v. Conner, 3 S. & M. 91, this court has said that there is no objection, under our statute, to two different pleas in abatement, if there be two different causes of abatement.
*339 The first plea in abatement alleges that the defendant below was a citizen of the state of Mississippi, but does not allege that he had a residence in the county in which the action was instituted, and thereby show that the ordinary process of law could have been served upon him. This plea was therefore bad for uncertainty. The second and third pleas, however, contain different causes of abatement and are well pleaded in point of form. The court below, therefore, erred in sustaining the demurrer, which should have been overruled.
.Judgment reversed, the demurrer directed tobe overruled, and the cause remanded for further proceedings.